
**EXHIBIT**
**1**

Filing # 147532471 E-Filed 04/12/2022 01:38:57 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

JESSICA KERR. and DA'VID ABELLARD,

Plaintiffs,

v.

ESURANCE INSURANCE COMPANY,

Defendant.

_____/

## COMPLAINT

Plaintiffs, JESSICA KERR (*hereinafter* "Kerr"), and DA'VID ABELLARD (*hereinafter* "Abellard) (*collectively* "Plaintiffs"), sue Defendant, ESURANCE INSURANCE COMPANY (*hereinafter* "Esurance") and alleges:

## STATEMENT OF THE CASE

1.      This is an action for common law insurance bad faith resulting from Esurance's bad faith failure to provide a defense and indemnity under an insurance policy issued to Patricia Counselman and her resident relative Jennifer Carter.

## JURISDICTION AND VENUE

2.      Plaintiffs Kerr and Abellard are Florida Citizens with their residence in Miami-Dade County Florida. The amount in controversy for each of the Plaintiff's claims is more than Thirty Thousand Dollars ($30,000.00) exclusive of fees, interests, and costs.

3.      Defendant Esurance is a foreign corporation with its principal place of business in California. Accordingly, it is a citizen of a state other than Florida. Esurance provides automobile insurance throughout the State of Florida, is registered to do business in Florida, and transacts

1

business in Broward County, Florida, maintaining an office and representatives there from where it continues to transact insurance business.

4.    The Court has personal jurisdiction over Esurance because it provides, issues, and sells automobile insurance throughout the state of Florida, including the Policy at issue which was issued in Broward County, Florida. Moreover, Esurance is registered with the Florida Secretary of State, Division of Corporations, to conduct business in Florida and is licensed in Florida as a property and casualty insurer to transaction insurance business in Florida.

5.    Venue is proper in Broward County because, for venue purposes, the cause of action arose under this county, and Defendant has offices, agents, representatives, and/or conducts business in Broward County, Florida

6.    All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

## FACTUAL ALLEGATIONS

7.    On or about January 17, 2010, Esurance issued to Patricia Counselman an automobile liability insurance policy numbered PAFL-003482147. The policy provided insurance to Patricia Counselman and all her resident relatives, including Jennifer Carter (*hereinafter* "Carter") to the extent of Ten Thousand Dollars ($10,000.00) against loss arising from legal liability for damages on account of bodily injuries suffered by any person from any accident involving specific automobiles, including a 2003 Nissan Altima.

8.    The above-described policy further provides that if any legal proceedings are taken to enforce a claim against an insured under the above-described policy, Esurance, at its own expense, must undertake the defense of such legal proceedings on behalf of its insureds, including Carter.

2

9.      Under the terms of the policy, Esurance is to have complete control of the defense of any such claim and may settle any claim at its own cost.

10.     On or about August 29, 2010, while the above-described policy was in full force and effect, Kerr and Abellard sustained serious bodily injuries as a result of Carter's negligence. Such accident was covered and within the terms of the above-described policy.

11.     After the incident described in the prior paragraph, Kerr and Abellard made a claim against Carter based on the injuries sustained in the accident described above. Esurance denied coverage for Carter on several occasions including August 31, 2010, claiming Carter was an excluded driver. The August 31, 2010, letter denying coverage is attached hereto as **Exhibit A**.

12.     Esurance based its representation on a form allegedly signed by Counselman agreeing to exclude Carter from coverage. That form was a forgery.

13.     Kerr and Abellard subsequently filed suit for their injuries in the 17th Judicial Circuit in and for Broward County Florida. Carter provided a copy of the Complaint to Esurance and asked Esurance to defend her.

14.     Esurance continued to deny coverage and a defense for Carter indicating that she was an excluded driver under the Policy.

15.     During January and February of 2017, Patricia Counselman contacted Esurance to inform it that the excluded driver endorsement that allegedly excluded Carter from coverage was not genuine and the signature on it was not hers. Notwithstanding this information, and without any investigation, Esurance continued to deny coverage and a defense for Carter.

16.     On March 4, 2020, counsel for Kerr and Abellard faxed to Esurance notice that the trial in the Carter matter was set. Esurance continued to deny the claim and failed to provide a defense to Carter on its $10,000.00 bodily injury policy.

3

17. On August 8, 2021, counsel for Kerr and Abellard obtained a verdict against Carter, Esurance's insured, in the amount of $9,707,635.90 for Kerr, and $2,168,190.50 for Abellard. A copy of the Verdict Form is attached hereto as **Exhibit B**.

18. Final Judgement against Carter in those amounts was entered on February 22, 2022. A copy of the Final Judgment against Carter is attached hereto as **Exhibit C**.

19. Despite being repeatedly notified of the existence of Kerr and Abellard's claim and a desire for Kerr and/or Abellard to settle their cases, Esurance failed to take any action to defend its insured Carter in the underlying case or resolve the claim with Kerr and/or Abellard when it could have and should have.

20. By failing to investigate the forged excluded driver endorsement, defend the underlying lawsuit, or resolve the lawsuit within its policy limits when it had the ability to do so, Esurance exposed their insured, Carter, to a judgment far in excess of its limits of insurance under the Policy.

## COUNT I-COMMON LAW BAD FAITH

Plaintiffs re-alleges the facts set out in Paragraphs 1 through 20 as if fully set forth herein.

21. At all times herein, Carter was an insured of Esurance because the Named Driver Exclusion upon which Esurance asserted its denial was not genuine or applicable.

22. Esurance had a contractual and fiduciary obligation to defend and indemnify Carter as its insured, and such performance of its contractual duties is governed by Florida law.

23. Esurance owed Carter, as its insured, a duty to use the same degree of care and diligence in the investigation, evaluation, and defense of the claims against it as a person of ordinary care and prudence should exercise in the management of his or her business.

24. Plaintiffs' underlying complaint against Carter alleged that Carter was at fault for

4

an accident injuring Kerr and Abellard.

25.     Plaintiffs' underlying complaint against Carter asserted covered claims against Carter under the Policy, and no exclusions or conditions barred coverage thereunder.

26.     Plaintiffs' injuries were so severe, and their right to compensation was so clear, that any reasonable insurer acting in good faith toward its insured would have tendered its bodily injury insurance limits.

27.     Had that tender been timely made by Esurance, Abellard and Kerr would have accepted it.

28.     Esurance owed Carter, as its insured, a duty to defend the Plaintiffs' underlying complaint. This was especially true once its insured Patricia Counselman called into doubt the one document that Esurance had relied upon to deny coverage to Carter.

29.     Esurance was obligated to act fairly and honestly towards its insured Carter and to settle claims which it could have and should have resolved for its policy limits. This obligation included, but was not limited to, investigating Counselman's assertion that Esurance's excluded driver endorsement was not genuine.

30.     Esurance owed Carter a duty to indemnify Carter for all covered claims.

31.     Despite this, Esurance breached its duty to Carter by refusing to defend or indemnify its insured against the Plaintiffs' claim.

32.     As a direct, foreseeable, and proximate result of Esurance's breach(es) of its duties under the Policy, Plaintiffs obtained an excess judgment against Carter in the amount of $9,707,635.90 for Kerr, and $2,168,190.50 for Abellard.

33.     That judgment remains outstanding and is accruing interest at Florida's statutory judgment rate.

5

34.    Plaintiffs have suffered and continue to suffer damages, including the amount of Plaintiffs' unpaid judgment.

35.    Plaintiffs have engaged counsel to represent their interests with respect to the prosecution of this action and have agreed to pay them a reasonable fee for services rendered.

WHEREFORE, JESSICA KERR, and DAVID ABELLARD demand that judgment be entered against Defendant, ESURANCE INSURANCE COMPANY, for damages, including the judgment amount entered against Jennifer Carter in the underlying lawsuit, post-judgment interest thereon; attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 627.428 or any other applicable statute, and any further relief this Court deems equitable, just, and proper.

[THIS SPACE LEFT BLANK INTENTIONALLY]

Respectfully submitted this 12th day of April 2022, by:

> ZEBERSKY PAYNE SHAW LEWENZ, LLP
> **Counsel for Plaintiff**
> 110 S.E. 6th Street, Suite 2900
> Ft. Lauderdale, Florida 33301
> Telephone: (954) 989-6333
> Facsimile: (954) 989-7781
> Primary Email(s): ezebersky@zpllp.com;
> mlewenz@zpllp.com; srusso@zpllp.com
> Secondary E-mail(s): nesponda@zpllp.com;
> iechevarria@zpllp.com
>
> By /s/ Edward H. Zebersky
>     EDWARD H. ZEBERSKY, ESQ.
>     Florida Bar No. 0908370
>     MICHAEL T. LEWENZ, ESQ.
>     Florida Bar No. 111604
>     STEFFANI M. RUSSO, ESQ.
>     Florida Bar No. 1002598

P.O. Box 20666, Tampa, FL 33622
esurance.com · 1-800-ESURANCE (1-800-378-7262)      **esurance**®

August 31, 2010

Patricia Counselman
PO Box 9051
Coral Springs, FL 33065

**\*Certified Mail Return Receipt Requested\***

Re:   Policy No.:   PAFL003482147
      Claim No.:    FLA-0105094
      Insured:      Patricia Counselman
      Date of Loss: 08/29/2010

Dear Patricia Counselman:

Please be advised that Esurance has completed its investigation of this claim.  It has been determined that the driver of your vehicle,  Jennifer Carter, is an excluded driver on your policy.  Per the Named Driver Exclusion Endorsement – Florida:

"If you have asked us to exclude any person in the schedule above from coverage under this Policy, then:

1.  we will not provide coverage for any claim under Part A – Liability Coverage for "bodily injury" coverage, Part B – Medical Payments Coverage, Part C – Uninsured Motorists Coverage, and Part d – Coverage For Damage To Your Auto arising from an accident or loss involving a motorized vehicle being operated by that excluded person.
    This includes any claim for damages made against you, a family member, or any other person or organization that is vicariously liable for an accident arising out of the operation of a motorized vehicle by the excluded driver.
2.  coverage under Part A – Liability Coverage for "property damage" arising from an accident or loss that occurs while a motorized vehicle is being operated by an excluded person shall be limited to $10,000.00; and
3.  coverage provided for Personal Injury Protection Coverage, arising from an accident or loss that occurs while a motorized vehicle is being operated by an excluded person shall be limited to $5,000.00 for Accidental Death and $10,000.00 Maximum Limit of all Benefits."

I have attached a copy of the signed "Named Driver Exclusion" form that you signed on June 21, 2010.

Since this loss occurred while your vehicle was being operated by an excluded driver, Esurance will not be providing Bodily Injury coverage and Collision coverage for this loss.

Should you have any additional information or documentation or if any of the statements contained herein are incorrect, please notify us immediately and we will re-evaluate our position.

# Exhibit

# A

P.O. Box 20666, Tampa, FL 33622
esurance.com · 1-800-ESURANCE (1-800-378-7262)



Sincerely,

Elizabeth Diaz
Unit Manager
On Behalf of Esurance Insurance Company

P.O. Box 20666, Tampa, FL 33622
esurance.com · 1-800-ESURANCE (1-800-378-7262)

esurance®

**** FILED: BROWARD COUNTY, FL. Brenda D. Forman. CLERK 8/3/2021 4:30.00 PM.****

IN THE CIRCUIT COURT FOR THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 14-016842(12)

DAVID ABELLARD and
JESSICA KERR,
      Plaintiffs,

v.

JENNIFER CARTER, ROBERT CARTER,
GINA DELAVINA, and RICARDO DELAVINA.
      Defendants.

_____/

**VERDICT FORM**

Filed In Open Court,
CLERK OF THE CIRCUIT COURT
ON _____
BY _____

We, the Jury, return the following verdict:

1. Was the negligence on the part of JENNIFER CARTER, a legal cause of loss, injury or damage to the Plaintiff, DAVID ABELLARD?

      YES    ✓             NO   _____

If your answer to question 1 is "no", your verdict is for the Defendant, and you should proceed to question 7.

If your answer to question 1 is "yes", proceed to questions 2, 3, 4, 5, and 6.

2. What is the total amount of any reasonable and necessary medical expenses incurred by the Plaintiff, DAVID ABELLARD, and caused by the subject accident?

      a.   In the past?          $42,690.56
      b.   In the future         $264,000

3. Was there negligence on the part of the Plaintiff, DAVID ABELARD which was a contributing legal cause of loss, injury, or, damage to the Plaintiff, DAVID ABELLARD?

      YES _____          NO    ✓

Please answer question 4.

4. State the percentage of any negligence or fault, which was a legal cause of loss injury or damage to the Plaintiff, DAVID ABELLARD that you charge to:

**Exhibit B**

Instr# 117952214 , Page 1 of 3, Recorded 02/22/2022 at 11:00 AM
Broward County Commission

Filing # 144254511 E-Filed 02/20/2022 06:00:36 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE14016842   DIVISION 12   JUDGE: Keathan Frink

David Abellard, et al

Plaintiff(s) / Petitioner(s)

v.

Robert A. Carter, et al

Defendant(s) / Respondent(s)

_____/

## FINAL JUDGMENT AGAINST DEFENDANTS JENNIFER CARTER AND ROBERT CARTER, JOINTLY AND SEVERALLY

THIS CAUSE, having come before the Court on Plaintiff's Motion for Entry of Final Judgment, and the Court, pursuant to the Verdict rendered in this action on August 3, 2021, and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that a Final Judgment is entered in favor or Plaintiffs, DAVID ABELLARD, whose principal address is 133 NE 2nd Ave., Apt 712, Miami, FL 33132, and JESSICA KERR, whose principal address is 133 NE 2nd Ave., Apt 712, Miami, FL 33132, and against Defendants, JENNIFER CARTER, whose principal address is 4027 NW 69th Terrace, Coral Springs, FL 33065, and Defendant ROBERT CARTER, whose principal address is 8421 Forest Hills Drive, Apt 207, Coral Springs, FL 33065, jointly and severally.

Plaintiffs shall recover from Defendants JENNIFER CARTER and ROBERT CARTER the following:

DAVID ABELLARD: The principal amount of Two Million One Hundred Sixty-Eight Thousand One Hundred Ninety Dollars and fifty cents ($2,168,190.50), plus costs to be determined at a later time. The total principal amount owed to Plaintiff DAVID ABELLARD by Defendants

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 02.20/2022 06:02 45 PM.****

**Exhibit
C**

CaseNo: CACE14016842
Page 2 of 3

JENNIFER CARTER and ROBERT CARTER is Two Million One Hundred Sixty-Eight Thousand One Hundred Ninety Dollars and fifty cents ($2,168,190.50) that shall bear interest at the maximum legal rate established pursuant to Section 55.03 of the Florida Statutes, FOR WHICH LET EXECUTION NOW ISSUE.

JESSICA KERR: The principal amount of Nine Million Seven Hundred Seven Thousand Six Hundred Thirty-Five Dollars and ninety cents ($9,707,635.90), plus costs to be determined at a later time. The total principal amount owed to Plaintiff JESSICA KERR by Defendants JENNIFER CARTER and ROBERT CARTER is Nine Million Seven Hundred Seven Thousand Six Hundred Thirty-Five Dollars and ninety cents ($9,707,635.90) that shall bear interest at the maximum legal rate established pursuant to Section 55.03 of the Florida Statutes, FOR WHICH LET EXECUTION NOW ISSUE.

The attorneys for Plaintiffs DAVID ABELLARD and JESSICA KERR shall be entitled to costs in connection with the execution of this Final Judgment pursuant to Section 57.115 of the Florida Statutes.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants, JENNIFER CARTER and ROBERT CARTER, shall complete under oath Florida Rules of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, pursuant to Rule 1.560 Fla. R. Civ. P., and serve it on the Plaintiffs' attorney at the address indicated above, within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel Defendants, JENNIFER CARTER and ROBERT CARTER, to complete form 1.977 (Fact Information Sheet), including all required attachments and serve it on the Plaintiffs attorney at the address indicated above.

Instr# 117952214 , Page 3 of 3, End of Document

CaseNo: CACE14016842
Page 3 of 3

This Court reserves jurisdiction as to the enforcement of the Final Judgment against

Defendants JENNIFER CARTER and ROBERT CARTER and to award subsequent attorneys'

fees and costs.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on 02-20-2022.

CACE14016842 02-20-2022 5:46 PM

Hon. Keathan Frink

**CIRCUIT JUDGE**

Electronically Signed by Keathan Frink

**Copies Furnished To:**

Brian J. Cohen , E-mail : court@thedebtlawyers.com

Brian J. Cohen , E-mail : elein@thedebtlawyers.com

Brian J. Cohen , E-mail : jessica@thedebtlawyers.com

Devin Tison , E-mail : mac@lawrct.com

Devin Tison , E-mail : service@myflattorney.com

Devin Tison , E-mail : mcabrera@myflattorney.com

Jason M. Corrar , E-mail : jcorrar@geico.com

Jason M. Corrar , E-mail : Glasspleadingsbroward@geico.com

Jason M. Corrar , E-mail : ftlpipgeico@geico.com

## DEFINITIONS AND INSTRUCTIONS

1.      The term "you" or "your" means the party or parties to which this request is addressed, including attorneys and all other persons acting or purporting to act on behalf of the party or parties.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

4.      The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

3

5.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

6.      As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the genders.

7.      When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

8.      When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

9.      In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

10.     If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information: date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

11.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

12.     If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of destruction; (b) the name and address of each

4

person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

13.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

## DOCUMENTS REQUESTED

1.     A copy of Defendant's entire file for claim number FLA-0105094.

2.     Any and all communications between Defendant and Patricia Counselman.