UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60929-RAR

**JESSICA KERR**, *et al.*,

    Plaintiffs,

v.

**ESURANCE INSURANCE COMPANY**,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Stay or in the Alternative Abate Plaintiffs' Bad Faith Action ("Defendant's Motion") [ECF No. 24] and Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment ("Plaintiffs' Motion") [ECF No. 27].[1] On August 1, 2022, the Court held a Hearing [ECF No. 41] at which the parties presented oral arguments as to their respective positions on both Motions. The Court having considered the parties' oral arguments, their written submissions, and the relevant case law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    Defendant's Motion [ECF No. 24] is **GRANTED**. As discussed on the record at the Hearing, it is well settled in Florida law that in third-party insurance cases, a court must determine coverage and liability issues before reaching the issue of bad faith. *See, e.g.*, *Solar Time, Ltd. v. XL Specialty Ins. Co.*, 142 F. App'x 430, 434 (11th Cir. 2005); *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037, 2008 WL

---

[1] Both Motions are fully briefed and ripe for adjudication. *See* [ECF Nos. 28–30, 36].

11332027, at *1 (S.D. Fla. July 8, 2008); *Gen. Star Indem. Co. v. Anheuser-Busch Cos.*, 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999). Accordingly, Plaintiffs' bad faith claim against Defendant is hereby **ABATED** pending adjudication of the coverage issues presented in Defendant's counterclaim for a declaratory judgment as to its duty to indemnify.

2.  Plaintiffs' Motion [ECF No. 27] is **GRANTED**. For the reasons stated on the record at the Hearing, Defendant's Counterclaim [ECF No. 21] is **DISMISSED** *without prejudice and with leave to amend*.

3.  Defendant shall file its Amended Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint on or before **August 15, 2022**.[2] As explained on the record at the Hearing, any action based on Defendant's duty to defend is time-barred.[3] Accordingly, Defendant shall limit its Amended Counterclaim to a single declaratory judgment count regarding its duty to indemnify Jennifer Carter given the endorsement excluding her from Patricia Counselman's policy with Defendant.[4]

4.  Plaintiffs shall file an answer or response to Defendant's Amended Counterclaim within **fourteen (14) days** of its filing.

---

[2] To ensure clarity and cleanliness of the record, Defendant must refile the entire pleading containing its dismissed counterclaim.

[3] The Court is unpersuaded by the other two arguments presented in Plaintiffs' Motion. *See* Pls.' Mot. at 4–5 (arguing that Defendant's requested relief is outside the proper scope of the Declaratory Judgment Act); 7–9 (arguing that the issues raised in Defendant's Counterclaim are subsumed by the issues raised in Plaintiffs' bad faith complaint).

[4] Defendant's duty to indemnify accrued when judgment was entered in the underlying action and thus is not time-barred, unlike its duty to defend. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of August, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**