UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO: 22-cv-60929-RAR

JESSICA KERR and DA'VID
ABELLARD,

      Plaintiffs,

v.

ESURANCE INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO ESURANCE'S AMENDED COUNTERCLAIM AND REPLY TO ESURANCE'S AFFIRMATIVE DEFENSES

Plaintiffs JESSICA KERR and DA'VID ABELLARD file this Answer and Affirmative

Defenses to Defendant ESURANCE INSURANCE COMPANY's Amended Counterclaim and

Reply to Affirmative Defenses [D.E. 43] and state:

1.      Plaintiffs deny each and every allegation contained in Esurance's Amended

Counterclaim and Reply to Affirmative Defenses [D.E. 43] and demand strict proof thereof.

## REPLY TO ESURANCE'S AFFIRMATIVE DEFENSES

1.      Plaintiffs deny each and every affirmative defense and demand strict proof thereof.

2.      In specific avoidance of the first affirmative defense, Plaintiffs state this was a

covered claim under the policy and coverage will be determined as a matter of law by the Court as

part of the relief sought by Esurance in its Amended Counterclaim prior to the litigation of the bad

faith claim which has been abated by the Court.

3.      In specific avoidance of the fifth affirmative defense, Plaintiffs state that they have

met all conditions precedent. The underlying claims arises from a motor vehicle accident covered

under the plain terms of defendant's motor vehicle insurance policy.  The validity of the disputed Excluded Driver Endorsement which Esurance used to avoid its otherwise clear duty to cover Plaintiffs' claims will be determined by the finder of fact by way of Esurance's Amended Counterclaim prior to litigation of the bad faith claim.

4.      In specific avoidance of the sixth affirmative defense, Plaintiffs state the underlying claims arises from a motor vehicle accident covered under the plain terms of defendant's motor vehicle insurance policy.  The validity of the disputed Excluded Driver Endorsement which Esurance used to avoid its otherwise clear duty to cover Plaintiffs' claims will be determined by the finder of fact by way of Esurance's Amended Counterclaim prior to litigation of the bad faith claim.

5.      In avoidance of the tenth affirmative defense, Plaintiffs state the underlying claims arises from a motor vehicle accident covered under the plain terms of defendant's motor vehicle insurance policy.  The validity of the disputed Excluded Driver Endorsement which Esurance used to avoid its otherwise clear duty to cover Plaintiffs' claims will be determined by the finder of fact by way of Esurance's Amended Counterclaim prior to litigation of the bad faith claim.

## ANSWER TO ESURANCE'S AMENDED COUNTERCLAIM
### Nature of the Action

1.      Admitted that this is an insurance coverage declaratory judgment action. Denied as to the remaining allegations.

### The Parties, Jurisdiction, and Venue

2.      Admitted.

3.      Plaintiffs are without knowledge.

4.      Admitted.

5.      Admitted.

6.      Plaintiffs are without knowledge.

7.      Plaintiffs are without knowledge.

8.      Plaintiffs are without knowledge.

9.      Admitted that that the amount in controversy of the underlying bad faith claim exceeds the sum of $75,000. Plaintiffs are without knowledge as to the citizenship of the Carters, Counselman, and Esurance.

10.     Admitted.

11.     Admitted that all conditions precedent to the filing of the underlying bad faith action have been met.

12.     Admitted.

## Factual Allegations

13.     Admitted upon information and belief.

14.     Admitted.

15.     Admitted that Exhibit 2 is a declarations page listing Ms. Carter as an additional driver on the subject policy.  Plaintiff is without knowledge as to the remainder of the allegations.

16.     Admitted that Exhibit 3 is a declarations page listing Ms. Carter as an additional driver on the policy.  Plaintiff is without knowledge as to the remainder of the allegations.

17.     Plaintiff is without knowledge, therefore denied.

18.     Denied that the policy attached as Exhibit 4 is the operative policy.

19.     Denied as Plaintiffs dispute the authenticity of the alleged endorsement.

20.     Denied.   Plaintiff admits solely that Esurance has attached an endorsement purportedly bearing Counselman's name as Exhibit 5 but denies all other allegations and inferences.

EATON & WOLK PL
2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI · FL 33133 · (305) 249-1640

21.     Denied upon information and belief.

22.     Plaintiff is without knowledge, therefore denied.

23.     Admitted.

24.     Denied that Ms. Carter was an excluded driver. Admitted as to the remaining

allegations.

25.     Admitted upon information and belief.

26.     Admitted.

27.     Admitted that Esurance denied coverage. Denied as to the remaining allegations

and specifically as to Esurance's claim that it conducted an investigation.

28.     Admitted that Esurance denied coverage. Denied as to the remaining allegations.

29.     Admitted upon information and belief.

30.     Admitted as to the contents of the letter. Denied as to the allegation that this was

not a covered claim.

31.     Denied.  Plaintiff further disputes the relevance of subsequent acts and moves to

strike this allegation.

32.     Denied.  Plaintiff further disputes the relevance of subsequent acts and moves to

strike this allegation.

33.     Admitted upon information and belief.

34.     Admitted that Patricia Counselman advised Esurance that the signature on the

endorsement at issue was not hers nor that of an authorized agent.  Plaintiff is without knowledge

of the remainder of the allegations.

35.     Admitted that Esurance told Plaintiffs' counsel in the motor vehicle accident

lawsuit that it had denied coverage for the Plaintiffs' injury claims.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Denied that Ms. Carter was an excluded driver and that there is no bodily injury

coverage under the Policy. Admitted as to the remaining allegations.

47.     Admitted.

## Count 1 – Declaratory Judgment
### (No Duty to Indemnify Due to Named Driver Exclusion Endorsement)

48.     No response required.

49.     Admitted that this is an accurate summary of the Named Driver Exclusion

Endorsement upon which Esurance based its denial of coverage for Plaintiffs' claims and that the

endorsement specifically requires it to be signed by the named insured, here Patricia Counselman.

Denied that said endorsement was ever signed by Ms. Counselman or validly part of her policy.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

EATON & WOLK PL
2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI · FL 33133 · (305) 249-1640

54.     Admitted.

## AFFIRMATIVE DEFENSES TO ESURANCE'S AMENDED COUNTERCLAIM

### First Affirmative Defense

The plain language of the subject Named Driver Exclusion Endorsement expressly requires it to be signed by the named insured, Patricia Counselman, to be valid.  Insurance contracts are strictly construed against the drafter.  Patricia Counselman did not sign the Named Driver Exclusion Endorsement.  It is therefore invalid by its own terms.  Plaintiffs' accident claims were therefore covered claims under the Policy that were wrongfully denied by Esurance.

### Second Affirmative Defense

The Named Driver Exclusion Endorsement is a forgery or is otherwise unauthorized, inauthentic, and invalid.  Plaintiffs' accident claims were therefore covered claims under the Policy that were wrongfully denied by Esurance.

### Third Affirmative Defense

Esurance breached its fiduciary duties and acted in bad faith and with unclean hands by failing to timely and properly investigate the authenticity and validity of the Named Driver Exclusion Endorsement after being advised of its invalidity by its named insured.

### Fourth Affirmative Defense

Esurance breached its fiduciary duties and acted in bad faith and with unclean hands by failing to defend and indemnify its insureds after being informed that the Named Driver Exclusion Endorsement had not been signed by its named insured.

### Fifth Affirmative Defense

Esurance breached its fiduciary duty by failing to timely investigate the validity of the Named Driver Exclusion Endorsement when it was advised that it had not been signed by its named

insured and allowed a money judgment to be entered against its insureds.  It is therefore estopped from disputing the validity of said money judgment or its obligation to pay same.

## Sixth Affirmative Defense

Esurance breached its fiduciary duty by failing to timely investigate the validity of the Named Driver Exclusion Endorsement when it was advised that it had not been signed by its named insured and allowed a money judgment to be entered against its insureds more than four years later.  It is therefore barred by the doctrine of laches from disputing the validity of said money judgment or its obligation to pay same.

## Seventh Affirmative Defense

Esurance breached its fiduciary duties and acted in bad faith and with unclean hands by failing to resolve the underlying lawsuit within policy limits when it had the ability to do so.

## Eighth Affirmative Defense

Whoever signed the Named Driver Exclusion Endorsement was not Patricia Counselman's agent and lacked authority to sign same on her behalf.

## Ninth Affirmative Defense

The amount or basis of the money judgment entered is outside the scope of this declaratory judgment action and of 28 U.S.C. § 2201 as it does not involve a declaration of rights or interpretation of an ambiguous policy provision and, under principles of comity, said judgment is presumed valid.  Esurance has thus failed to state a cause of action for which relief may be granted to the extent it asks the Court to declare anything other than coverage with respect to the underlying state court judgment.

EATON & WOLK PL
2665 S. BAYSHORE DRIVE· SUITE 609 · MIAMI · FL 33133 · (305) 249-1640

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically

filed with the Court via CM/ECF on **<u>August 18, 2022</u>**, which served same by email to: **Peter J.**

**Lewis, Esq., Rory E. Jurman, Esq.,** Hinshaw & Culbertson, LLP, *Attorneys for Defendant*

*Esurance*, One East Broward Boulevard, Suite 1010, Fort Lauderdale, FL 33301,

plewis@hinshawlaw.com, rjurman@hinshawlaw.com.

Respectfully submitted,

**EATON & WOLK, PL**
*Attorneys for Plaintiffs*
2665 S. Bayshore Drive, Suite 609
Miami, Florida 33133
Telephone: 305-249-1640
Email: wwolk@eatonwolk.com
          mcomas@eatonwolk.com

By:      *s/William G. Wolk*
          WILLIAM G. WOLK
          FBN: 103527
          DANIEL R. SCHWARTZ
          FBN: 124512

          and

**ZEBERSKY PAYNE SHAW LEWENZ, LLC**
*Attorneys for Plaintiffs*,
110 SE 6th Street,
Suite 2900
Fort Lauderdale, FL 33301
Email: ezebersky@zpllp.com;
          mlewenz@zpllp.com;
          srusso@zpllp.com

By:      *s/Edward H. Zebersky*
          EDWARD H. ZEBERSKY